UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELINO IDELFONSO FUENTES BARRIOS,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, JR., et al,<br><br>Respondents. | Case No. 5:26-cv-05956-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On October 8, 2026, petitioner Fidelino Idelfonso Fuentes Barrios ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), accompanied by one supporting exhibit. (Docket No. 1-1).

/ / /

/ / /

The Petition alleges the following claims: (1) Petitioner's detention is in violation of his right to substantive due process under the Fifth Amendment; (2) Petitioner's detention is in violation of his right to procedural due process under the Fifth Amendment; and (3) Petitioner's detention is in violation of the Administrative Procedure Act ("APA") pursuant to 5 U.S.C. §§ 702, 706. (Docket No. 1 at 11-19).[1] The Petition seeks, among other things, Petitioner's release from custody. (Id. at 19).

On October 14, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer") (Docket No. 8), accompanied by two exhibits (Docket Nos. 8-1, 8-2). In the Answer, Respondent acknowledged that Petitioner appeared to be a entitled to request and receive an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 2026 WL 2196424 (9th Cir. 2026). (Id. at 2).

Respondents also state in their Answer that "[w]hile Petitioner also seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Id. at 3).

On October 16, 2026, Petitioner filed his Reply wherein he continues to assert that his detention violates the Constitution and that he is entitled to release or, in the alternative, for a prompt bond hearing. release. (Docket No. 9).

Thus, this matter is now ready for decision. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond hearing within 7 days.

/ / /

---

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

## II.

## BACKGROUND

Petitioner is a 41 year-old native and citizen of Guatemala. (Docket No. 1 at 10; Docket No. 9 at 1). Petitioner entered the United States in or around 2003 without inspection when he was approximately 16 or 17 years old. (Docket No. 1 at 10). Petitioner has lived in the United States continuously for approximately twenty-three years. (Id.). He attended high school in the United States and has worked steadily in construction. (Id.). Petitioner does not have lawful immigration status and has never been detained by immigration authorities nor has been placed in removal proceedings before now. (Id.). Petitioner does not have any prior removal orders, voluntary returns, or border apprehensions. (Id.).

Petitioner has family and community ties in the United States. (Docket No. 1 at 10). Petitioner's sister, Agustina Yesly Perez Barrios ("Ms. Perez"), is a United States citizen residing in California. (Id.). Ms. Perez has agreed to serve as Petitioner's sponsor and to provide him with a residence if he is released. (Id.). On October 5, 2026, agents of United States Immigration and Customs Enforcement ("ICE") conducted a targeted enforcement operation to arrest Petitioner at a residential address in North Hollywood pursuant to a Form I-200 administrative warrant. (Docket No. 8 at 2, 5-8). During this operation, ICE officers arrested Petitioner outside his home in North Hollywood, California, after waiting outside Petitioner's residence from approximately 5:00 a.m. (Id.). Petitioner was not arrested at or near the border, and he was not seeking admission to the United States at the time of his arrest. (Id.). Petitioner has three prior misdemeanor matters, each of which has been resolved by the respective criminal court. (Docket No. 1 at 10-11). Petitioner also has one pending criminal matter, in which he is represented by separate counsel and has not been convicted. (Docket No. 1 at 11). Petitioner was

scheduled to appear in state court in that matter on October 7, 2026, but cannot attend due to his detention. (Id.).

Petitioner is being detained at Adelanto ICE Processing Center in Adelanto, California. (Docket No. 1 at 2; see https:/locator.ice.gov/odls/#/results).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised a claim under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due

process of law in the context of removal proceedings.") (internal quotation marks omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural

safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## IV.

## DISCUSSION

### A. The Petition Warrants Habeas Relief.

Section 1226(a), the "default detention statute for noncitizens in removal proceedings," Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023), provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed to the United States." 8 U.S.C. § 1226(a).

Petitioner claims that he does not have lawful immigration status and has never been detained by immigration authorities nor has he been placed in removal proceedings before now. (Docket No. 1 at 10). Petitioner further claims that he does not have any prior removal orders, voluntary returns, or border apprehensions and has lived in the United States for approximately 23 years. (Id.).

Petitioner was arrested pursuant to an executed Form I-200 warrant for arrest of alien, dated October 5, 2026, the date of Petitioner's arrest. (Docket No. 11-1 at 1). Respondents agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and, therefore, assert that Petitioner appears to be entitled to receive an initial bond hearing pursuant to Rodriguez Vasquez. (Docket No. 8 at 2-3). The Court in Rodriguez Vasquez confirmed, *inter alia*, that the detention of noncitizens pursuant to Section 1226(a) (such as Petitioner) is discretionary, allowing for their release on

bond pending removal proceedings. Rodriguez Vasquez,183 F.4th at 1167. As such, on this record, the Court finds that Petitioner's continued detention without a bond hearing violates 8 U.S.C. § 1226(a) and Petitioner's right to due process.

Therefore, the Petition is granted, and Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, pursuant to 8 U.S.C § 1226(a).[2]

## V.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered: (1) Granting the Petition; (2) ordering Respondents to provide Petitioner Fidelino Idelfonso Fuentes Barrios (A# 246-059-232) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1[3] within seven (7) days of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if Petitioner has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business

---

[2] The Court's determination that Petitioner is entitled to habeas relief on the second claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.

[3] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).

days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: November 9, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE